UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK DUNKIN, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>A.W. CHESTERSON CO., et al.,<br><br>    Defendants. | Case No: C 10-458 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket 39 |

    Plaintiffs Patrick Dunkin and his wife Mary Dunkin (collectively "Plaintiffs") filed an asbestos personal injury action in state court against various Defendants. During trial, one of the non-diverse Defendants informed the trial court that it had reached a settlement with Plaintiffs. As a result of that announcement, Defendant Honeywell International f/k/a AlliedSignal Inc., successor-in-interest to The Bendix Corporation ("Honeywell") removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The parties are presently before the Court on Plaintiffs' Motion to Remand. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion to remand. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

**I.    BACKGROUND**

    Patrick Dunkin is a 63-year old male who is dying from mesothemelioma, a form of cancer attributable to asbestos exposure. On June 30, 2009, Plaintiffs filed a Complaint for Personal Injury–Asbestos against a thirty-three of Defendants in Alameda County Superior

Court. Swanson Decl. Ex. A. Plaintiffs' motion for preference (to accelerate the case due to Plaintiff's medical condition) was granted on September 24, 2009, and the Superior Court set a trial date of January 11, 2010. Id. Ex. B. Trial commenced as scheduled in Department 30. From January 11 through February 1, 2010, the court conducted trial proceedings, including, inter alia, holding argument and ruling on motions in limine and finalizing jury instructions. A venire was called and jury questionnaires were distributed.

On February 1, 2010, Defendant J.T. Thorpe & Sons, Inc. ("Thorpe") advised the court that it had settled with Plaintiffs, which then excused Thorpe from further appearances. Plaintiffs did not file a dismissal as to Thorpe, however. The next day, on February 2, 2010, Honeywell filed a Notice of Removal ostensibly on the basis of diversity jurisdiction. In the Notice of Removal, Honeywell alleged that Thorpe was the only remaining non-diverse Defendant, and that Thorpe's settlement with Plaintiff created completed diversity because the four remaining, non-settling Defendants (Dana Companies, LLC; Parker-Hannafin Corporation; and Federal-Mogul Asbestos Personal Injury Trust) are diverse from Plaintiffs. Notice of Removal ¶ 15.[1] Plaintiff has now moved to remand the action for lack of removal jurisdiction, pursuant to 28 U.S.C. § 1447(c).

## II. LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). District courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[.]" Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

---

[1] Honeywell's ultimate goal in removing the action is to have this case transferred as a tag-along case to as part of the In Re: Asbestos Prods. Liability Litig., MDL-875, pending in the Eastern District of Pennsylvania. See Docket 43.

| | |
|---|---|
| 1 | A district court must remand a case to state court "if at any time before the final |
| 2 | judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. |
| 3 | § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are |
| 4 | strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 |
| 5 | F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant |
| 6 | always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska |
| 7 | Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the |
| 8 | propriety of the removal favor remanding a case. See Gaus, 980 F.2d at 566. |

**III. DISCUSSION**

Under 28 U.S.C. § 1446(b), if a defendant wishes to remove a case, it must do so within thirty days of receiving the initial pleading or summons. If, however, the initial pleading is not removable, the defendant may remove only after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Id. Here, there is no dispute between the parties that at the time Plaintiffs filed their complaint in state court, the action was not removable under 28 U.S.C. 1441(b), due to the presence of multiple non-diverse, California-resident defendants, including Thorpe.

A complaint that is not initially removable due to the presence of a non-diverse defendant may become removable where diversity is created by the "voluntary action" of the plaintiff. Self v. General Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978); see also Schwarzer, Tashima and Wagstaffe, Fed. Civ.P. Before Trial, §§ 2.937-2.940 at 2D-172-73 (TRG 2008). The Ninth Circuit explained that the "conversion [of a nonremovable case] *can only be accomplished* by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the *voluntary dismissal* or nonsuit by him of the party or of parties defendant." Self, 588 F.2d at 659 (emphasis added).

Here, Defendants Honeywell and Federal-Mogul Asbestos Personal Injury Trust contend that a settlement with what is allegedly the only remaining non-diverse defendant,

| | |
|---|---|
| 1 | standing alone, is sufficient to render an action removable.[2] The Court disagrees. A settlement |
| 2 | with a non-diverse party does not establish diversity jurisdiction unless and until that party is |
| 3 | dismissed from the action. See Self, 588 F.2d at 659; see also Schwarzer, et al., Fed. Civ.P. |
| 4 | Before Trial, §§ 2.945 at 2D-174. For example, in Mertan v. E.R. Squibb & Sons, Inc., 581 F. |
| 5 | Supp. 751 (C.D. Cal. 1980), the court ruled that although plaintiff had settled with the non- |
| 6 | diverse defendant, removal to federal court was improper because no written dismissal of the |
| 7 | defendant had been entered. Id. at 753. The court explained that a "written Dismissal is the |
| 8 | only effective order the State Court can make or that is legally enforceable," and that in the |
| 9 | absence of such a dismissal, the "Federal Court is without jurisdiction because there is a clear |
| 10 | absence of complete diversity." Id. |
| 11 | Courts within this District have followed Mertan and likewise ruled that a settlement is |
| 12 | insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse |
| 13 | defendant has not yet been entered. See Guerrero v. General Motors Corp., 392 F. Supp. 2d |
| 14 | 1133, 1135 (N.D. Cal. 2005) (Mertan is "is still good law and has not been rejected by the |
| 15 | Ninth Circuit"); Roberts v. A.W. Chesterton Co., 2008 WL 782569 at *2 (N.D. Cal. 2008) |
| 16 | (following Mertan and Guerrero and granting motion to remand where settlement with non- |
| 17 | diverse defendants in an asbestos action had not been finalized and the defendants had "not |
| 18 | been formally dismissed from the case."). This Court agrees that under Self, Mertan and |
| 19 | Guerrero, the fact that Thorpe has not been dismissed from the state court proceedings renders |
| 20 | the instant removal improper. Such a conclusion is consistent with the well-settled rule that |
| 21 | "[t]he removal statute is strictly construed *against* removal jurisdiction." Provincial Gov't of |
| 22 | Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). |

---

[2] At the time of removal, Plaintiffs had previously reached settlement agreements with three defendants; each of these parties discharged their obligations under the terms of the agreements and their formal dismissals were entered by the state court. Swanson Decl. ¶ 12. Plaintiffs have a tentative agreement to settle with another defendant, which has yet to be finalized. Id. In addition, Plaintiffs have settlement agreements with seven other defendants (including five of which are non-diverse). Id. As to these seven, no payment is yet due or has been paid under the settlement agreements nor have any of them been formally dismissed. Id.

## IV. CONCLUSION

Thorpe has not been dismissed by Plaintiffs. As a result, diversity jurisdiction is lacking and the action must be remanded in accordance with 28 U.S.C. § 1447(c). Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is GRANTED. The instant action is REMANDED forthwith the Alameda County Superior Court. The Clerk shall mail a certified copy of this Order to the Clerk of the Alameda County Superior Court. All pending matters in the Docket shall be terminated.

IT IS SO ORDERED.

Dated: March 10, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge